UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEXANDER ACKEL, Plaintiff** | DOCKET NUMBER: |
| VERSUS | SECTION: |
| **JANE DOE, Defendant** | MAGISTRATE: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The plaintiff, Alexander Ackel, through undersigned counsel, respectfully says that:

**PARTIES, JURISDICTION, AND VENUE**

1. The plaintiff, Alexander Ackel, is a natural person domiciled in Orleans Parish, State of Louisiana.

2. The defendant, Jane Doe, is an unknown natural person or persons. The plaintiff is confident that issuing discovery to entities listed in this complaint will disclose the identity of these unknown person(s).

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the plaintiff's claims under 18 U.S.C. § 1030(a)(2)(C), the Computer Fraud and Abuse Act, and 18 U.S.C. § 2701, the Stored Communications Act, are federal questions.

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Mr. Ackel's Louisiana state law violations as such claims form part of the same case or controversy as the claims arising under federal law.

5. Venue is proper in the Eastern District of Louisiana, under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claim occurred within the district.

## FACTS

6. Mr. Ackel has several electronic accounts, including with Google, Yahoo!, and Apple.

7. The plaintiff owns a Yahoo! account with a username of aackel96@yahoo.com.

8. On or about May 23, 2019, an unauthorized account accessed the Yahoo! account.

9. On or about March 17, 2020, Mr. Ackel discovered Jane Doe accessed the aackel96@yahoo.com email account and changed the password without the plaintiff's permission.

10. Also, on or about March 17, 2020, Mr. Ackel discovered Jane Doe accessed and deleted some of the plaintiff's emails from this account.

11. On or about June 26, 2019, the plaintiff discovered an unauthorized email, neworleanssilverandgold@gmail.com, was linked to the Yahoo! profile.

12. Mr. Ackel also has an Apple account with a username of alexackel@live.com.

13. On or about February 11, 2014, an unauthorized user accessed the Apple account.

14. On or about June 15, 2018, an unauthorized user accessed the Apple account.

15. On or about October 22, 2018, an unauthorized user accessed the Apple account.

16. On or about March 25, 2019, an unauthorized user accessed the Apple account.

17. The plaintiff possesses the email address Alackel87@gmail.com.

18. On or about March 17, 2020, Mr. Ackel discovered Jane Doe had accessed and deleted emails from this account without the plaintiff's permission.

19. In addition, the plaintiff discovered on or about March 17, 2020 that Jane Doe removed Mr. Ackel's iPhone as a trusted device to log into the Alackel87@gmail.com account without the plaintiff's permission.

20. Mr. Ackel also possessed a Sprint account, number XXXXX607.

21. On or about March 17, 2020, the plaintiff received a notification from Sprint that his online account password was changed. Mr. Ackel did not authorize this change.

22. The plaintiff's accounts provided access to electronic communications and records related to a company Mr. Ackel has ownership in, Ackel Real Estate LLC, as well as electronic communications and records related to Mr. Ackel's ongoing divorce proceedings.

23. The unauthorized access to the plaintiff's accounts caused Mr. Ackel to lose access to emails and documents when Jane Doe deleted these emails and documents without the plaintiff's permission.

24. The unauthorized access to the plaintiff's accounts and the unauthorized deletions and changes to the accounts and documents and communications in the accounts caused the plaintiff to lose access to information and documentation related to his business and for use during his divorce proceedings.

25. The plaintiff incurred costs associated with recovering and attempting to recover lost information, documents, and communications.

26. The plaintiff suffered harm to his reputation when he lost access to his accounts and the documents and information in his accounts.

27. To learn the identity of Jane Doe, Mr. Ackel will issue subpoenas to Sprint, Google, Yahoo!, and Apple for information and records detailing the identities of the routers, computers, and other electronic devices that gained unauthorized access and made the unauthorized changes to each of the accounts. The plaintiff will then issue subpoenas to Cox Communications and other internet service providers to learn the identity of the

account holders and subscribers who used such routers, computers, and other electronic devices on the relevant dates.

## CLAIMS

**Count One: Violations of Stored Communications Act**

28. Jane Doe's access of Mr. Ackel's computer systems and/or accounts constituted violations of the Stored Communications Act 18 U.S.C. § 2701 because the defendant accessed the plaintiff's electronic facilities that provide electronic communication services and exceeding the defendant's authorization, altered and/or prevented access to data and electronic communications.

29. As a direct and proximate result of the defendant's misconduct, the plaintiff has suffered monetary damages.

30. Pursuant to 18 U.S.C. § 2707, the plaintiff is entitled to equitable relief, reasonable attorney's fees, and other litigation costs. The plaintiff is also entitled to the following compensatory damages:

    a. Damages for destruction of the plaintiff's property;
    b. Loss of use of communications and documents in the plaintiff's divorce proceedings and business transactions;
    c. Pain and suffering; and
    d. Emotional distress.

**Count Two: Violations of the Computer Fraud and Abuse Act**

31. The plaintiff realleges the preceding paragraphs.

32. The plaintiff's computer systems and online accounts were "protected computers" under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(2).

33. The defendant improperly took control over and destroyed the plaintiff's computer systems.

34. The defendant electronically seized and damaged the plaintiff's computer systems wholly without his authorization and otherwise entirely exceeding their authorized access.

35. By Jane Doe's wrongful intentional actions, the defendant accessed the plaintiff's protected computer systems without his authorization and otherwise in excess of their authorized access, and thereby obtained and utilized information for the purposes of destroying or attempting to destroy emails, alter or delete data, all for the purpose of harming the plaintiff's company or divorce proceedings.

36. The wrongful actions of Jane Doe have caused a loss to the plaintiff that exceeds $5,000 in any one-year period because the plaintiff suffered a loss of more than $5,000 as a result of the defendant's conduct.

**Count Three: Intrusion Upon the Plaintiff's Seclusion**

1. The plaintiff realleges the preceding paragraphs.

2. The Louisiana Supreme Court recognizes the right to an individual's privacy and that an unreasonable intrusion upon the seclusion of another is one violation of the right to privacy under La. C.C. Art. 2315. *Jaubert v. Crowley Post-Signal, Inc.*, 375 So. 2d 1386 (La. 1979).

3. A Court should consider three elements:

    a. Whether there was an intrusion;

    b. Whether the intrusion was highly offensive; and

    c. Whether the intrusion was in some matter in which the individual had a legitimate expectation of privacy.[1]

4. Jane Doe accessed Mr. Ackel's electronic accounts and stored communications without the plaintiff's permission. Jane Doe also deleted communications and documents stored within these electronic accounts without the plaintiff's consent.

5. These intrusions are highly offensive.

6. Mr. Ackel had a legitimate expectation of privacy. The plaintiff's accounts were password protected. Mr. Ackel did not provide his passwords to Jane Doe.

7. The plaintiff is also entitled to the following damages:

    a. Loss of reputation or community status;

    b. Harm to the plaintiff's interest in privacy;

    c. Pain and suffering;

    d. Personal humiliation; and

    e. Emotional distress.

## GENERAL ALLEGATIONS

8. The plaintiff is also entitled to statutory fees, awards, and interest on judgment and costs, including reasonable attorney's fees to the extent permitted by law.

9. To the extent that the legal or factual basis of plaintiff's claims may be mutually exclusive, plaintiff pleads them in the alternative under FRCP Rule 8.

---

[1] *Fletcher v. Price Chopper Foods of Traumann, Inc.,* 220 F.3d 871, 875-76 (8 Cir. 2000); *Swarthout v. Mut. Serv. Life Ins. Co.*, 632 N.W. 2d 741, 745-46 (Minn. App. 2001); *Wal-Mart Stores, Inc. v. Lee*, 74 S.W. 3d 644 (Ark. 2002); and *Mauri v. Smith*, 929 P.2d 307, 301 (Or. 1996).

10. Plaintiff requests a jury trial on all issues.

**WHEREFORE**, the plaintiff, Alexander Ackel, prays that the Court issue summons to Jane Doe once identified in a supplemental complaint, instructing the defendant to answer this complaint.

Under Count One: Violations of the Stored Communications Act, the plaintiff prays that, after due proceedings, the Court render judgment in favor of the plaintiff, Alexander Ackel, and against the defendant, Jane Doe, for monetary relief in an amount reasonable in the premises for the destruction of plaintiff's property, loss of use of communications and documents in the plaintiff's divorce proceedings and business transactions, pain and suffering, and emotional distress, with judicial interest from date of judicial demand until paid; reasonable attorney's fees; and for all costs of these proceedings.

Under Count Two: Violations of the Computer Fraud and Abuse Act, the plaintiff prays that, after due proceedings, the Court render judgment in favor of the plaintiff, Alexander Ackel, and against the defendant, Jane Doe, for the economic damages exceeding $5,000 in any one-year period.

Under Count Three: Intrusion Upon the Plaintiff's Seclusion, the plaintiff prays that, after due proceedings, the Court render judgment in favor of the plaintiff, Alexander Ackel, and against the defendant, Jane Doe, in an amount reasonable in the premises for the plaintiff's in an amount reasonable in the premises for Mr. Ackel's loss of reputation or community status; harm to the plaintiff's interest in privacy; pain and suffering; personal humiliation; and emotional distress.

Respectfully Submitted:

Attorneys for Alexander Ackel, Plaintiff

_____
JOHN A. VENEZIA (#23963)
jav@venezialaw.net
JULIE O'SHESKY (#36245)
jeo@venezialaw.net
Venezia & Associates (APLC)
757 St. Charles Avenue
Suite 302
New Orleans, Louisiana 70130
(504) 486-3910 voice
(504) 486-3913 fax

**PLEASE HOLD SUMMONS**