UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEXANDER ACKEL** | CIVIL ACTION |
| VERSUS | NO. 21-542 |
| **JANE DOE** | SECTION L (2) |

## ORDER AND REASONS

Before the Court is Plaintiff Alexander Ackel's Motion for Attorneys' Fees pursuant to Federal Rule of Civil Procedure 54(d)(2). R. Doc. 65. Defendant Kayla Martynenko has responded in opposition. R. Doc. 68. Having considered the briefing and the applicable law, the Court rules as follows.

### I. BACKGROUND

This case arises out of alleged unauthorized access and use of several electronic accounts belonging to Plaintiff Alexander Ackel R. Doc. 5. Ackel filed suit against Defendant Kayla Martynenko, Ackel's ex-wife, asserting that Martynenko had accessed several of his electronic accounts on various occasions without authorization in violation of (1) the Stored Communications Act; (2) the Computer Fraud and Abuse Act; and (3) Plaintiff's right to privacy through unreasonable intrusion upon his seclusion under Louisiana law. After a trial, a jury found Martynenko liable under the Stored Communications Act and Plaintiff's privacy rights under Louisiana law and awarded Ackel $7,500 for economic loss, $1,500 for mental anguish, and $10,000 in punitive damages.

### II. PRESENT MOTION

Ackel now moves this Court to award him $42,113 in attorneys' fees. R. Doc. 65. He points to the Stored Communications Act, 18 U.S.C.S. § 2701, *et seq.*, which states that "[i]n the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court." As the successful party in this action, Ackel thus argues that he is entitled to an award of attorneys' fees.

In opposition, Martynenko reasserts her argument made at trial that this lawsuit was not a genuine action to vindicate any of Plaintiff's rights, but instead a weapon to execute Ackel's vendetta against his ex-wife, "who 'dared' to leave and divorce him after enduring years of physical, sexual, and emotional abuse." R. Doc. 68 at 1. She argues that under the plain language of the Stored Communications Act, an award of attorneys' fees is discretionary on the part of the trial Court, and that in this case such an award is not justified based on Ackel's lack of clean hands. *Id.* at 4–6.

### III.   DISCUSSION

As an initial matter, the Fifth Circuit has made it clear that an award of attorneys' fees is discretionary on the part of the trial court. *See Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 538 (5th Cir. 2022) (Given the repeated use of "may" in the Stored Communications Act's relief provision, it seems straightforward that the Act allows but does not require an award of fees to a successful party. [. . .] Attorney's fees are thus discretionary when a plaintiff proves a violation of the Stored Communications Act."). Accordingly, Martynenko is correct that Ackel is not statutorily entitled to attorneys' fees as a result of his successful action under the Stored Communications Act. The Court must thus determine in its discretion whether an award of attorneys' fees to Ackel would be appropriate.

In *Domain Protection*, the district court denied Domain Protection's motion for attorneys' fees, finding that "Domain Protection has time and again litigated in an unbecoming manner, distorted the record, and misstated the law[,]" that Domain Protection therefore did not have clean hands, and was thus not entitled to attorneys' fees. *Domain Prot., LLC v. Sea Wasp, LLC.*, 2020 WL 2557043, at *15 (E.D. Tex. May 20, 2020), *aff'd sub nom. Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529 (5th Cir. 2022). The Fifth Circuit approved the district court's denial of attorneys' fees to Domain Protection, holding that an award of attorneys' fees was discretionary on the part of the trial court, and that the district court had not abused its discretion in denying attorneys' fees to Domain Protection based on its lack of clean hands. *Domain Prot.*, 23 F.4th at 538. Similarly, in *Vista Mktg., LLC v. Burkett*, 812 F.3d 954, 977–78 (11th Cir. 2016), the Eleventh Circuit upheld a district court's denial of attorneys' fees to a technically prevailing party under the Stored Communications Act, reasoning that "[h]aving sat through the trial, the district judge was in the best position to observe the demeanor of the parties and the witnesses[,]" and that the district court had not abused its discretion in finding that the plaintiff "had not demonstrated that it was harmed in any way, and that the entire case appeared to be not an action to vindicate [the plaintiff's] rights but instead a weapon to execute [plaintiff's] 'vendetta' against [his ex-wife]."

Trial counsel for Plaintiff performed admirably, and certainly deserves compensation for his efforts. The issue, however, is whether the Defendant should be required to be the one to pay him. The Court finds that the similarities between this matter and both *Domain Protection* and *Vista Mktg.* support denial of requiring Defendant to pay the attorneys' fees here. As in *Vista Mktg.*, having sat through the trial and observing the demeanor of the parties, the Court finds that Ackel's "entire case appeared to be not an action to vindicate [his] rights but instead a weapon to

execute [his] 'vendetta' against [his ex-wife, Martynenko]." *See Vista Mktg.*, 812 F.3d at 978. As in *Vista Mktg.*, the jury's verdict notwithstanding, Ackel did not demonstrate that he was significantly harmed by Martynenko's alleged actions: all of the emails which he contended that Martynenko deleted from his accounts were almost immediately recovered. Ackel litigated in an unbecoming manner, essentially commandeering this Court to inappropriately relitigate his domestic and custody disputes with his ex-wife. Additionally, during the jury trial Ackel repeatedly perjured himself by denying all abuse of Martynenko in the face of overwhelming evidence. Moreover, nearly every question asked of Ackel spawned a recitation of his marital grievances, which revealed the true purpose of his lawsuit. Accordingly, as in *Domain Protection*, Ackel lacks clean hands, and thus this Court declines to award him attorneys' fees under the Stored Communications Act.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion, R. Doc. 65, is hereby **DENIED**.

New Orleans, Louisiana, this 22nd day of May, 2023.

*[Signature: Eldon E. Fallon]*
United States District Judge