UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEXANDER ACKEL** | CIVIL ACTION |
| VERSUS | NO. 21-542 |
| **JANE DOE** | SECTION L (2) |

## ORDER AND REASONS

Before the Court is Defendant Kayla Martynenko's Motion for Judgment as a Matter of Law or, in the alternative, for a new trial. R. Doc. 77. Plaintiff Alexander Ackel has responded in opposition. R. Doc. 78. Having considered the briefing and the applicable law, the Court rules as follows.

### I.   BACKGROUND

This case arises out of alleged unauthorized access and use of several electronic accounts belonging to Plaintiff Alexander Ackel R. Doc. 5. Ackel filed suit against Defendant Kayla Martynenko, Ackel's ex-wife, asserting that Martynenko had accessed several of his electronic accounts on various occasions without authorization in violation of (1) the Stored Communications Act; (2) the Computer Fraud and Abuse Act; and (3) Plaintiff's right to privacy through unreasonable intrusion upon his seclusion under Louisiana law. After a trial, a jury found Martynenko liable under the Stored Communications Act and Plaintiff's privacy rights under Louisiana law and awarded Ackel $7,500 for economic loss, $1,500 for mental anguish, and $10,000 in punitive damages. Subsequently, this Court denied Ackel's motion for attorneys' fees.

### II.   PRESENT MOTION

Defendant Martynenko now moves this Court to enter Judgment as a Matter of Law in her favor and find that, the jury's verdict notwithstanding, (1) no reasonable jury could have concluded that Ackel suffered any actual damages from Marynenko's unauthorized access to his emails, (2) Ackel is not entitled to punitive damages in this matter because there was no showing that Marynenko acted with maliciousness or recklessness, and (3) Ackel's Louisiana law intrusion upon seclusion claim was prescribed. R. Doc. 77. In response, Ackel argues that (1) the evidence put on at trial was sufficient for the jury to find that Ackel had suffered at least $7.500 in economic damages, (2) the jury appropriately awarded Ackel punitive damages upon its finding that Martynenko's violation of the Stored Communications Act had been willful or intentional, and (3) Ackel's claim for intrusion upon seclusion under Louisiana law was not prescribed, or, even if it were, there is no basis for this Court to reduce the damages awarded to Ackel on that basis because the same damages could have been awarded based on the jury's finding that Martynenko had violated the Stored Communications Act.

### III.   DISCUSSION

Motions for judgment as a matter of law are bought before this Court pursuant to Federal Rule of Civil Procedure 50. FRCP 50 provides that "if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may" order a new trial, or direct the entry of judgment on that issue as a matter of law. However, "[t]he Fifth Circuit has made it clear that when a jury has rendered its verdict, that verdict should not be disturbed absent strong, overwhelming evidence that shows a reasonable jury could not reach the opposite conclusion." *Gaddy v. Taylor Seidenbach, Inc.*, 446 F. Supp. 3d 140, 151 (E.D. La. 2020). As the Fifth Circuit has explained:

> [O]ur standard of review with respect to a jury verdict is especially deferential. A party is only entitled to judgment as a matter of law on an issue where no reasonable jury would have had a legally sufficient evidentiary basis to find otherwise. In evaluating the evidence, this court "credit[s] the non-moving party's evidence and disregard[s] all evidence favorable to the moving party that the jury is not required to believe.

*Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 653 (5th Cir. 2019).

The Court will discuss each of Martynenko's arguments for judgment as a matter of law in turn.

### A. Actual Damages

Notwithstanding the jury's verdict awarding Ackel $7,500 for economic loss and $1,500 for mental anguish, Martynenko argues that no reasonable juror could have concluded that Ackel suffered actual damages from her unauthorized access to his emails. However, crediting the non-moving party's evidence and disregarding all evidence favorable to the moving party that the jury is not required to believe, as the Court must when considering a Rule 50 motion, the Court finds more than adequate evidence from which a reasonable jury could have determined that Ackel suffered actual damages. Ackel testified, and introduced exhibits showing, that he incurred $3,500 paying a company to investigate his mail and digital storage accounts when he suspected that they had been compromised; $5,000 in attorney's fees for a continuance of a state court hearing which Ackel testified was necessary due to Martynenko's tampering with his accounts; and $3,900 for the work and testimony of the expert witness Ackel presented at trial. Accordingly, a reasonable jury could have concluded from this evidence that Ackel was entitled to as much as $12,400 in actual economic damages.

Additionally, as to the $1,500 which was awarded by the jury for Ackel's alleged mental anguish, Ackel testified that he suffered mental anguish as a result of Martynenko's unauthorized

access to his emails and internet storage accounts, which included privileged attorney-client communications, because Martynenko, his ex-wife, was his opponent in very contentious domestic litigation, as well as being a lawyer herself. He also testified about his mental anguish from not being able to see his children for a period of time, which Ackel testified was as a result of the state court continuance he required due to Martynenko's tampering with his accounts. A reasonable jury could have determined, and in this case did determine, that Ackel's mental anguish due to these circumstances entitled him to $1,500 in damages for mental anguish.

### B. Punitive Damages

Notwithstanding the jury's verdict award to Ackel of $10,000 in punitive damages under the Stored Communications Act, Martynenko argues that Ackel did not show at trial that he was entitled to punitive damages because he did not show that Martynenko's conduct was "malicious or reckless" and "so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence[,]" as the Jury Instructions instructed the jury they must find in order to impose punitive damages. However, as Ackel points out, the plain language of the Stored Communications Act does not require such a showing, but merely states that "[i]f the violation is willful or intentional, the court may assess punitive damages." 18 U.S.C. § 2707. Based on the evidence provided at trial, a reasonable jury could have concluded that Martynenko's violation or violations of the Stored Communications Act were willful or intentional, and thus awarded punitive damages.

Martynenko points to this Court's statements that Ackel "lacked clean hands" and "litigated in an unbecoming matter" in its order denying Ackel's motion for attorneys' fees, R. Doc. 75, to further argue that this court should not "indirectly reward" Ackel for his conduct by allowing him to collect the awarded punitive damages. But "[j]udgments as a matter of law should not be

granted merely because the Court views the evidence differently than the jury[,]" *Behling v. McDermott, Inc.*, 1997 U.S. Dist. LEXIS 2418, at *6 (E.D. La. Mar. 5, 1997), and "[w]hen considering a Rule 50 motion for judgment as a matter of law, a court may not substitute its judgment of the facts for that of the jury." *Romano v. Citizens Utils. Co.*, 1999 U.S. Dist. LEXIS 7383, at *2-3 (E.D. La. May 12, 1999) (citing *Alman Bros. Farms & Feed Mill, Inc. v. Diamond Labs., Inc.*, 437 F.2d 1295, 1298 (5th Cir. 1971)). The jury reasonably concluded that Ackel was entitled to punitive damages, as it was permitted to do under the Stored Communications Act. This Court may not reverse the jury's verdict merely because it would have concluded otherwise were it the relevant finder of fact.

### C. Prescription

Finally, Martynenko argues that Ackel's claim for intrusion upon seclusion was prescribed under Louisiana law, and that this Court should thus dismiss this claim, along with the $1,500 in mental anguish damages which Martynenko asserts that the jury awarded Ackel for this claim. But, as Ackel points out, the jury also found Martynenko liable for Ackel's damages under the Stored Communications Act, and did not distinguish between the damages it was awarding for violation of each statute. As this Court has explained *supra*, a reasonable jury could have awarded Ackel the $1,500 for mental anguish under the Stored Communications Act alone. Accordingly, it is irrelevant to the monetary damages award whether Ackel's claim for intrusion upon seclusion was prescribed.

### IV. CONCLUSION

Having determined that Martynenko is not entitled to Judgment as a Matter of Law on Ackel's claims against here, the Court also declines to grant Martynenko a new trial. For the

foregoing reasons, Defendant's Motion for Judgment as a Matter of Law or, in the alternative, for a new trial, R. Doc. 77, is hereby **DENIED**.

New Orleans, Louisiana, this 1st day of June, 2023.

_____
United States District Judge