UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEXANDER ACKEL** <br><br> VERSUS <br><br> **JANE DOE** | CIVIL ACTION <br><br> NO. 21-542 <br><br> SECTION L (2) |

### ORDER AND REASONS

Before the Court is Plaintiff Alexander Ackel's Motion to Determine the Non-Exempt Portion of Wages of Garnishee. R. Doc. 111. Defendant Kayla Martynenko has not responded in opposition. Having considered the briefing and the applicable law, the Court rules as follows.

### I.    BACKGROUND

This case arises out of alleged unauthorized access and use of several electronic accounts belonging to Plaintiff Alexander Ackel R. Doc. 5. Ackel filed suit against Defendant Kayla Martynenko, Ackel's ex-wife, asserting that Martynenko had accessed several of his electronic accounts on various occasions without authorization in violation of (1) the Stored Communications Act; (2) the Computer Fraud and Abuse Act; and (3) Plaintiff's right to privacy through unreasonable intrusion upon his seclusion under Louisiana law. After a trial, a jury found Martynenko liable under the Stored Communications Act and Plaintiff's privacy rights under Louisiana law and awarded Ackel $7,500 for economic loss, $1,500 for mental anguish, and $10,000 in punitive damages. Subsequently, this Court denied Ackel's motion for attorneys' fees.

1

Ackel appealed and that matter is presently pending before the United States Fifth Circuit Court of Appeals. In August of 2023, several months after the trial, this Court granted Ackel's ex parte motion for a writ of execution and continuing writ of garnishment. R. Doc. 86.

## II.     PRESENT MOTION

Ackel moves the Court to set the non-exempt portion of judgment debtor Martynenko's garnishment of wages under Louisiana law. R. Doc. 111. He alleges that following the jury trial, although judgment was entered against Martynenko in the amount of $19,000 (plus costs), to date she has paid nothing. R. Doc. 111-1 at 1. He argues that her wages from her employment, for Scott Vicnair, must be garnished to satisfy the judgment and that this Court should determine what percentage of these wages are non-exempt and thus eligible for garnishment. *Id.* at 2-4. Citing Louisiana law and Scott Law Group's answers to interrogatories on the matter, Ackel alleges that Martynenko's income is $3,056.17 on a biweekly (every two weeks) basis after exemptions and statutorily, 75% of this is exempt. *Id.* at 4-5. Ackel asks the Court to declare the remaining 25%, or $764.04, as non-exempt and fix this amount as a biweekly garnishment until the underlying judgment is paid in full or until Martynenko leaves that place of employment. *Id.* Martynenko has not opposed the motion.

## III.    APPLICABLE LAW & DISCUSSION

The substantive law applicable to this issue is the law of Louisiana. Louisiana law provides that whenever a salary or other wages are garnished, "a judgment shall be rendered by the court of competent jurisdiction in which the garnishment proceedings may be pending fixing the portion of such wage, salary, commission, or other compensation as may be exempt, as provided by law" and that such judgment must also provide "for the payment to the sheriff, marshal, or constable for

processing prior to payment to the seizing creditor of whatever sum for which judgment may be obtained, out of the portion of such compensation which is not exempt." La. R.S. § 13:3921(A). By statute, 75% of one's disposable earnings are exempt from a writ of garnishment. La. R.S. § 13:3881(A)(1)(a).

There is no dispute among the parties as to Marynenko's wages or the calculation of the exempt and non-exempt portions. Accordingly, the Court **HEREBY ORDERS** garnishee, Scott Law Group, LLC, to deduct $764.04 from judgment debtor's, Kayla Lawrence Martynenko, bi-weekly pay, and pay same to judgment creditor, Alexander Ackel. Garnishee shall begin making these deductions beginning from the date of service of order upon garnishee and its biweekly payments to judgment creditor, Alexander Ackel, shall begin on the third Monday following service of this order on the Scott Law Group, LLC. Garnishee shall deliver the payments at judgment creditor counsel's office, Venezia & Associates (APLC), 650 Poydras Street, Suite 2828, New Orleans, Louisiana 70130.

Garnishee shall continue to deduct and pay as set forth above so long as Kayla Lawrence Martynenko is in the employ of Scott Law Group, LLC or until the full amounts of the judgment and bill of costs rendered in this case against Kayla Lawrence Martynenko are paid in full, including any commissions due by law. Should Kayla Lawrence Martynenko leave the employ of Scott Law Group, LLC and subsequently return to work for Scott Law Group, LLC within 180 days, then and in that event, Scott Law Group, LLC is to resume making the deductions set forth above.

New Orleans, Louisiana, this 22nd day of March, 2024.

_____
United States District Judge